IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | Case No. 13 cr 686 |
| v. ) | |
| ) | Judge Robert M. Dow, Jr. |
| THOMAS RICHARDSON. ) | |

**ORDER**

For the reasons stated below, Defendant's motion to dismiss indictment [44] is respectfully denied.

**STATEMENT**

By way of background, Defendant has been indicted for receiving and possessing child pornography in violation of 18 U.S.C. § 2252A(a)(2)(A) and 18 U.S.C. § 2252A(a)(5)(B). He challenges the constitutionality of the statutes criminalizing the receipt and possession of child pornography on the ground that the statutes violate his right to receive information under the First Amendment. As Defendant acknowledges, the Supreme Court of the United States previously has rejected a First Amendment challenge to laws prohibiting the possession of child pornography. See *Osborne v. Ohio*, 495 U.S. 103, 111 (1990) ("Given the gravity of the State's interest [in protecting victims of child pornography] . . . we find that [it is] constitutional [to] proscribe the possession and viewing of child pornography"). In seeking dismissal of the indictment, Defendant urges the Court to consider the "very thorough and persuasive dissent" in *Osborne*, as well as the argument that "the Court's reasoning [in *Osborne*] did not withstand the test of time." In support of the latter argument, Defendant points to a number of recent studies and law review articles that he contends cast doubt on the efficacy of laws prohibiting possession of child pornography as a means of deterring sex crimes against children. In a hierarchical judiciary such as ours, federal district courts are bound to follow controlling precedent of the court of appeals in the circuit in which they sit as well as Supreme Court precedent. *Osborne* remains good law and thus the Court must reject Defendant's argument.

Dated: January 14, 2015

_____
Robert M. Dow, Jr.
United States District Judge