# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | Case No. 13-cr-686 |
| v. | ) | |
| | ) | Judge Robert M. Dow, Jr. |
| THOMAS RICHARDSON, | ) | |
| | ) | |
| | ) | |
| | ) | |

## MEMORANDUM AND OPINION ORDER

Before the Court is Defendant's motion to dismiss [127] Count One of the indictment. For the reasons stated below, Defendant's motion to dismiss [127] is denied. The case remains set for status on July 25, 2018 at 9:00 a.m.

**I.     Background**

On September 19, 2013, a grand jury returned a two-count indictment against Defendant. Count One of the indictment alleged that on or about August 20, 2013, defendant knowingly received child pornography—namely, a file folder titled "AG-120" that had been downloaded from BitTorrent[1]—in violation 18 U.S.C. § 2252A(a)(2)(A). Count Two of the indictment alleged that on or about August 27, 2013, defendant knowingly possessed items—namely, an Apple Tower G5, an Apple MacBook Laptop, and a G-Tech external hard drive—that each contained images of child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B).[2] The images identified in Count One of the indictment were different than those identified in Count Two of the indictment.

---

[1] Count One of the indictment references the following images found in folder "AG-120": "Untitledx2%20copy.jpeg, "ltl69.bmp," "kg27-08.jpg," "kg27-15.jpg," "big.jpeg," "d.jpeg," and "ffff.jpeg."

[2] Count Two of the indictment references the following images found on the three devices recovered from Defendant's home: "[S] nome8.bmp," "Copy of 2.jpeg," "Untitled-23%20Copy.jpeg," "Untitled-3%20copy.jpeg," "Dcp_2297.jpg," "Dcp_2299.jpg," "Pthc 2012…," "[V] 15-18yo…," "girl 10-11yo on couch.mpg," and "crazyholiday088.jpg."

Defendant filed a motion to dismiss Count One of the indictment, arguing that Counts One and Two of the indictment "are based on the same act or transaction and therefore violate the Double Jeopardy Clause." [127, at 2.] The government filed a response, arguing that (1) "the conduct and the images charged in Counts One and Two of the indictment are distinct and do not arise out of the same act or transaction[,]" and (2) "Double Jeopardy is only implicated upon entry of judgment on counts of conviction—not while counts are pending before trial." [128, at 1.] Although the Court gave Defendant the opportunity to file a reply, Defendant did not do so. Before the Court is Defendant's motion to dismiss [127] Count One of the indictment against him.

## II. Legal Standard

"Challenging an indictment is not a means of testing the strength or weakness of the government's case, or the sufficiency of the government's evidence." *United States v. Moore*, 563 F.3d 583, 586 (7th Cir. 2009) (internal quotation marks and citation omitted). Rather, a motion to dismiss or strike counts of an indictment seeks to identify and correct a defect in the indictment. Fed. R. Crim. P. 12(b)(3)(B)(ii). Here, Defendant challenges the indictment on double jeopardy grounds.

The Double Jeopardy Clause of the Fifth Amendment provides that "[n]o person shall * * * be subject for the same offence to be twice put in jeopardy of life or limb." U.S. CONST. amend. V. "Three separate guarantees inhere in this constitutional provision: (1) once acquitted of a charge, a person shall not be prosecuted again for the same offense; (2) once convicted of a crime, a person shall not be prosecuted again for that same crime; and (3) one shall not be punished twice for the same offense." *United States v. Hatchett*, 245 F.3d 625, 630 (7th Cir. 2001) (citing *Ill. v. Vitale*, 447 U.S. 410, 415 (1980)). "Where proof of one offense necessarily

entails proof that another offense occurred, rendering the latter a lesser included offense of the former, the two offenses are deemed to be the 'same' for purposes of" double jeopardy. *Id*. at 632 (citing *Rutledge v. United States*, 517 U.S. 292, 297 (1996)).

The Clause "applies both to successive punishments and to successive prosecutions for the same criminal offense." *United States v. Dixon*, 509 U.S. 688, 696 (1993); see also *Ohio v. Johnson*, 467 U.S. 493, 498 (1984). "It protects against both actual punishment and the attempt to convict and punish a defendant twice for the same crime." *United States v. Faulkner*, 793 F.3d 752, 755 (7th Cir. 2015) (citing *Price v. Georgia*, 398 U.S. 323, 326 (1970)). However, "when multiple sentences are imposed in the same trial, 'the role of the constitutional guarantee is limited to assuring that the court does not exceed its legislative authorization by imposing multiple punishments for the same offense.'" *United States v. Halliday*, 672 F.3d 462, 468 (7th Cir. 2012) (quoting *Brown v. Ohio*, 432 U.S. 161, 165 (1977)).

## III. Discussion

Defendant asks that the Court dismiss Count One of the indictment because of double jeopardy concerns. [127, at 2.] Specifically, Defendant argues that Counts One and Two of the indictment "are based on the same act or transaction and therefore violate the Double Jeopardy Clause." [127, at 2.] In support of this argument, Defendant exclusively relies upon *United States v. Harvey*, which held that the defendant's convictions for receipt and possession of child pornography arose out of same act or transaction and thus violated Double Jeopardy Clause. 829 F.3d 586, 590-91 (8th Cir. 2016). In reaching this conclusion, the Eighth Circuit explained that possession of child pornography is a lesser included offense of receipt of child pornography when based on the same act or transaction. *Id*. Because the government conceded that defendant's convictions for receipt and possession of child pornography were based on the same

act or transaction, the court concluded that the defendant's convictions violated the Double Jeopardy Clause. *Id*. at 591. Although a majority of circuits have agreed with the conclusion reached by the Eighth Circuit—namely, that possession of child pornography is a lesser included offense of receipt of child pornography, see *United States v. Johnston*, 789 F.3d 934, 938 (9th Cir. 2015) (collecting cases)—the Seventh Circuit has not yet addressed the issue. However, this Court need not decide the issue today. Even assuming that that the Seventh Circuit would follow the majority approach that possession of child pornography is a lesser included offense of receipt of child pornography, allowing the government to proceed on both Counts One and Two of the indictment in this case does not violate the Double Jeopardy Clause.

To begin—unlike *Harvey*—the images and/or videos that form the bases of the receipt and possession counts are different. Accordingly, Counts One and Two cannot be considered the same crime. The Seventh Circuit has squarely addressed this issue, stating that "where separate images form the bases for separate receipt and possession counts, there can be no double jeopardy violation." *United States v. Halliday*, 672 F.3d 462, 470 (7th Cir. 2012).[3] The Seventh Circuit further advised that, "in future cases, the government would be wise to clearly indicate in the indictment which images are included in each count of the indictment." *Id*. at 472. As

---

[3] Indeed, every circuit court to have addressed the issue has held that there is no double jeopardy violation where separate images serve as the basis for possession and receipt convictions. See, *e.g., United States v. Almonte*, 638 F. App'x. 71, 74 (2d Cir. 2016) ("Whether or not convictions for receipt and possession based on a single item of child pornography would violate the Double Jeopardy Clause, given the vast number of images and videos on the electronic equipment seized during each search, [defendant's] respective convictions for possession and receipt could have been based on different images or videos."); *United States v. Schnittker*, 807 F.3d 77, 83 (4th Cir. 2015) ("[B]ecause the defendant admitted to possessing over one thousand images or videos of child pornography, at least some of which did not ground the receipt conviction, there is more than sufficient proof in the record that 'the possession conviction was based on an image the receipt of which did not form the basis of the receipt conviction.'") (quoting *United States v. Polouizzi*, 564 F.3d 142, 159 (2d Cir. 2009)); *United States v. Teague*, 722 F.3d 1187, 1191 (9th Cir.2013) (separate CDs and hard drives may support separate conduct); *United States v. Benoit*, 713 F.3d 1, 15-16 (10th Cir. 2013) (separate images may support separate conduct); *United States v. Bobb*, 577 F.3d 1366, 1375 (11th Cir. 2009), cert. denied, 560 U.S. 928 (2010) (separate images or dates may support separate conduct).

discussed above, the government has done so here. Given that Defendant elected not to file any reply brief, Defendant appears to concede the point.[4]

Second, even if the images and/or videos underlying Counts One and Two of the indictment were the same, "the government [may] submit to the jury both a receipt and possession count based on the same conduct, but request that the court vacate or stay the possession conviction if there is a receipt conviction for duplicate conduct." *Johnston*, 789 F.3d at 940. In other words, the government is entitled to charge the defendant under two different theories for the same conduct and determine, after the jury has rendered its verdict, on which count defendant should be sentenced. Any motion to dismiss a count of the indictment based on double jeopardy concerns therefore is premature.

## IV. Conclusion

For the reasons set forth above, Defendant's motion to dismiss [127] is denied. The Court notes, however, that Defendant is free to request that the Court instruct the jury that any images and/or videos relied upon for Count One cannot form the basis of a conviction for Count Two. *Halliday*, 672 F.3d at 472 ("[W]here both receipt and possession are charged, we would also think it wise for the court to instruct the jury that any images and videos relied on for a receipt count cannot form the basis of a conviction for a possession count."). The case remains set for status on July 25, 2018 at 9:00 a.m.

---

[4] Defendant's argument appears to be based on the assumption that the images and/or videos that form the bases of Counts One and Two are the same. [127, at 2 ("[T]he indictment charges that Mr. Richardson received the child pornography on August 20, 2013 and that he possessed the pornography on August 27, 2013.").] However, as the government points out, the indictment clearly identifies which images and/or videos serve as the basis for Count One and which images and/or videos serve as the basis for Count Two (and they are not the same).

5

Date: July 23, 2018

_____
Robert M. Dow, Jr.
United States District Judge